**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Armando RODRIGUEZ–SANTOS,**
**Defendant–Appellant.**

**No. 05–40964.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 28, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Eduardo Dean Jaime, Laredo, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Armando Rodriguez–Santos appeals his guilty-plea conviction and 37–month sentence for illegal reentry. He argues that the district court violated the spirit of

---

*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when it sentenced him after appearing to disagree with the Guidelines and that the district court mistakenly believed that the Guidelines were mandatory. He also argues that the enhancement provisions of 8 U.S.C. § 1326(b) are unconstitutional in the light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Rodriguez–Santos did not raise his argument concerning the mandatory application of the Guidelines in the district court. Therefore, his sentence is reviewed for plain error. *See United States v. Mares*, 402 F.3d 511, 520–21 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005); *see also United States v. Jones*, 444 F.3d 430, 436 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 2958, 165 L.Ed.2d 970 (2006). Even if the district court believed it was bound by the Guidelines, Rodriguez–Santos has not shown he would have received a more lenient sentence otherwise. Therefore, Rodriguez–Santos has failed to demonstrate plain error. *See United States v. Robles–Vertiz*, 442 F.3d 350, 353 (5th Cir.2006), *petition for cert. filed* (May 30, 2006) (No. 05–11285).

Rodriguez–Santos's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rodriguez–Santos contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d

268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.